---

## MESSINGER *v.* DUNHAM.

### Opinion delivered April 18, 1896.

ATTACHMENT—CLAIM ARISING ON CONTRACT.—An attachment may issue against a non-resident for refusal to perform a contract, although the damages claimed are unliquidated, under Sand. & H. Dig., sec. 325, providing that an attachment shall not be granted against a non-resident "for any claim other than a debt or demand arising upon contract."

APPEAL—CONCLUSIVENESS OF VERDICT.—A verdict will not be disturbed on appeal upon the ground that excessive damages were allowed, if there was evidence to support the verdict.

Appeal from Lee Circuit Court.

GRANT GREEN, JR., Judge.

#### STATEMENT BY THE COURT.

This action arose out of a contract made by plaintiff, Dunham, with defendant, Messinger. By the contract, which was in writing, Dunham agreed that he would

erect his saw mill on a certain tract of timber land in Lee county, and proceed to saw the timber, which was owned by him, into lumber for Messinger. Dunham agreed to saw, stack, and load the lumber upon cars for Messinger, under the direction of his agent, who was to measure the logs before they were sawed by Dunham. Messinger agreed to pay Dunham $8.50 per thousand feet of lumber loaded on the cars. Three separate causes of action were set out by Dunham in his complaint in separate paragraphs, but the contention here is concerning that set out in the third paragraph. In this paragraph plaintiff, after stating that he had complied with the contract on his part, alleges a breach of the contract on the part of the defendant as follows, to-wit: "But the defendant, from May 1, 1893, until August 15, 1893, failed to perform his part of said contract by measuring said logs so that plaintiff could saw the same as aforesaid, but from day to day and from week to week during said interval stated to plaintiff, and induced him to believe, that he (defendant) would proceed with the performance of said contract, and cause said logs to be measured; that on or about said August 15, 1893, the defendant refused to perform his part of said contract; that, by reason of such conduct on the part of the defendant, and his failure as aforesaid to perform his part of said contract, and solely on that account, the plaintiff was prevented from performing said contract, and from operating said mill during said time, and was subjected to expense and delay, and suffered damages and loss thereby in the sum of thirteen hundred and fifty dollars," for which he prayed judgment. The plaintiff also filed an affidavit and obtained an attachment on the ground that the defendant was a non-resident. The affidavit alleged that "his claim is for money due on contract," and stating the amount. The defendant appeared, and filed his answer. There was a verdict in favor of plaintiff, and the damages

assessed for the cause set out in the 3d paragraph were $1,150.90.

*James P. Brown,* for appellant.

1. An attachment will not lie as to unliquidated damages, as claimed in the third paragraph of the complaint. It only lies for debts or demands arising from contract. Sand. & H. Dig., sec. 325, subd., sec. 8; Wade on Att., secs. 12, 18, 23 and notes.

2. There was clearly a misjoinder of actions—tort and *ex contractu.*

3. The damages allowed are foreign to every sense of justice, and out of proportion to the facts in evidence.

*McCulloch & McCulloch,* for appellee.

1. It is too late now to object that the third paragraph was for unliquidated and uncertain damages, and that it was error to sustain the attachment as to that paragraph. The grounds of the attachment were not controverted, nor exceptions saved. Sand. & H. Dig., secs. 395, 399; 60 Ark. 444. In this case the defendant *appeared*, and failed to controvert the attachment, and he cannot raise the question on appeal. 50 Ark. 446; 53 *id.* 181.

2. The statute authorizes an attachment upon a demand arising out of a contract or its breach, though the amount claimed as damages be uncertain. It was only intended to exclude actions for *torts.* Sand. & H. Dig., secs. 325, subd. 1, and sec. 7206; 2 Ark. 415; 55 Ark. 547; 42 *id*, 210; Wade on Att., sec. 12; 2 Tex. Cir. App. 346.

3. The damages are not excessive, but are amply sustained by the evidence. The rule laid down by the court as the measure of damages is fully sustained. The end to be attained is to give *compensation* to the party not at fault. 1 Suth. on Dam., pp. 113–118; 3 *id.* p. 522; 7 Hill, 61; 13 How. 344; 60 Ark. 151; 58 *id.* 617;

52 *id.* 117; 39 *id.* 280; 33 *id.* 545.   The damages were not "speculative;" the profit was fixed and certain.

RIDDICK, J., (after stating the facts).   The first contention is that the attachment was not lawfully issued.   The attachment having been granted on the ground that the defendant was a non-resident, and the claim of plaintiff set out in the third paragraph being for unliquidated damages, it is contended for that reason that the court could not lawfully sustain the attachment or order a sale of the property.   Our statute provides that an attachment "shall not be granted on the ground that the defendant or defendants or any of them is a foreign corporation or non-resident of this state for any claim other than a debt or demand arising upon contracts."   Sand. & H. Dig., sec. 325.   This restriction of the right to attach to debts and demands arising upon contract is for the purpose of excluding actions for torts and actions where "the contract relations between the parties do not furnish a basis upon which the measure of liability may be ascertained."   1 Wade, Attachment, sec. 12.   The action in this case was founded upon a demand against the defendant for refusing to perform a contract which he had made with the plaintiff.   This demand arose out of, and the measure of damages in the action depended upon, and was controlled by, the contract.   The word "demand" is broader than the word "debt;" and although the damages claimed were unliquidated, still we are of the opinion that the claim was "a demand arising upon contract," within the meaning of the statute.   *Jones* v. *Buzzard*, 2 Ark. 415; *Lenox* v. *Howland*, 3 Caines, 323; *New Haven &c. Co.* v. *Fowler*, 28 Conn. 103.

It is further said that the damages allowed are excessive.   But the question was peculiarily within the province of the jury to determine.   There was evidence

*[margin note: Attachment on claim arising on contract.]*

*[margin note: Conclusiveness of verdict on appeal.]*

to support the verdict, and the case is not one that would justify us in disturbing the judgment of the circuit court on that point.

Judgment affirmed.