ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* OSBORN.

Opinion delivered January 27, 1900.

1.  FINDING OF JURY—CONCLUSIVENESS.—A finding of the jury which is supported by evidence will be conclusive on appeal, though it seems to be against the preponderance of the evidence.   (Page 401.)

2.  RAILROAD—EJECTION OF PASSENGER.—In an action by a passenger for damages for being forcibly ejected from a depot platform by the railroad company's employees, an instruction that if defendant's employees had reasonable grounds for believing that, at the time plaintiff was ejected, he was violating the company's rule against soliciting for a hotel, the jury should find for the defendant, was properly refused if there was evidence (a) that plaintiff was ejected with unnecessary force, or (b) that plaintiff was not in fact violating the alleged rule. (Page 401.)

Appeal from Hot Springs Circuit Court.

ALEXANDER M. DUFFIE, Judge.

This action was brought by Thomas H. Osborn against the St. Louis, Iron Mountain & Southern Railway Company to recover damages for injuries which he alleged were occasioned to him by being ejected from its platform and depot at Little Rock on the 6th day of August, 1894. The plaintiff testified that he had purchased a ticket and was traveling to Benton, Ark. When the train stopped at Little Rock, to permit passengers to get dinner, he stepped upon the platform on his way to the dining room of the restaurant. While on the platform he says that he spoke to another passenger, and was thereupon seized by an employee of defendant, and rudely pulled from the platform and depot. In doing so, plaintiff claims that one of his legs and ankle were injured to such an extent that he still suffers great pain therefrom. The defendant company on the trial admitted that its employees had ejected the plaintiff from the platform, but in justification thereof set up that he was violating a rule of the company forbidding persons to use its premises for the purpose of soliciting for hotels; that, although repeatedly warned of such rule, the plaintiff persisted in soliciting for his hotel at Hot Springs upon its cars and premises, and for that reason he was without unnecessary force ejected from its depot platform. On the trial the jury found in favor of plaintiff, and assessed his damages at $1,000. The circuit court rendered judgment for that sum, and the company appealed.

*J. E. Williams* and *Dodge & Johnson,* for appellant.

Appellant had the right to eject any one who was violating its rules by "drumming," etc. 31 Ark. 50; 18 Am. Ry. Rep. 14; Sand. & H. Dig,. § 6206. Probable cause for believing appellee guilty of such violation of the rules was sufficient to excuse appellant's conduct. This would be so if, instead of ejecting him, he had been arrested. 32 Ark. 166; 32 Ark. 763; 33 Ark. 316. Appellant's choosing to eject appellee rather than arrest him does not change this rule. The duty rested on appellant to protect its passengers from annoyance. 4 C. C. A. 221; 87 Mo. 74.

*Wood & Henderson*, for appellee.

Appellee was a passenger.   5 Am. & Eng. Enc. Law (2 Ed.), 486 *et seq.*   The existence of reasonable grounds for belief, on the part of the railroad's employees, that appellee was violating the rules of the company was no justification of their wrong to appellee.   43 Ark. 529; 56 Ark. 51; 62 Ark. 254.

RIDDICK, J., (after stating the facts.)   There is no doubt that the railway company had the right to prohibit soliciting for hotels upon its cars and depot platforms.   (*Landigran* v. *State*, 31 Ark. 50.)   But the question as to whether the plaintiff was "soliciting" at the time of his ejection was submitted to the jury, and their finding was in favor of the plaintiff.   Although the finding seems to us to be against the preponderence of the evidence, still it has evidence to support it, and, being properly submitted to the jury, the decision of the jury is binding upon us.   We must therefore take it as established that the plaintiff was wrongfully ejected by the employees of the company under the belief that he was violating its rules by soliciting for a hotel, when in fact he was not doing so.   On this point counsel for defendant requested the circuit judge to instruct the jury as follows:   "If you find from the testimony that defendant's agents and servants had reasonable or probable grounds for believing that plaintiff was soliciting for a hotel at the time of his ejection, you will find for defendant."   We think the circuit judge properly refused this request.   If reasonable or probable cause to believe that the plaintiff was violating its rules would justify the ejection, still under the evidence in this case the defendant might be liable on the ground that its employees used more force than was necessary.   The instruction as requested would have excluded that question from the jury, and its refusal was therefore proper.

But we are of the opinion that the instruction as requested was subject to other objections; for when a passenger, without fault on his part, is ejected by a railway company from its premises for a supposed violation of its rules, it seems, from the decisions, that the company is liable for the injury occasioned, without regard to whether it exercised care or not.   Thus,

where a rule of a street car company forbade its conductors from allowing intoxicated persons to ride on its cars, the company was held liable for ejecting a person afflicted with St. Vitus's dance, which produced involuntary motions resembling those of an intoxicated person, and led the conductor to believe that the passenger was intoxicated. In that case the court said: "The defendant judged at its peril as to the application of such a rule in a given case, and if it erred it would be answerable for its mistakes, or that of its servants acting under its authority. It was within the power of the conductor to have ascertained the real cause of the plaintiff's appearance, and thus to have avoided the mistake." *Regner* v. *Glens Falls, etc., R. Co.,* 74 Hun (N. Y.), 202; 1 Fetter, Car. Pass. page 821.

It is the duty of the railway company to protect its passengers from insult and injury by its servants, and, when the passenger is not himself at fault, it is no justification of an assault upon him to show that the employees of the company believed, or had reasonable grounds to believe, that he was violating its rules when in fact he was innocent. 4 Elliott on Railroads, § 1638.

We have carefully read the briefs of counsel and the transcript, but are unable to see that any ground for reversal is presented.

The judgment is therefore affirmed.