STIEWEL v. AMERICAN SURETY COMPANY.

Opinion delivered May 31, 1902.

1. APPEAL—CONCLUSIVENESS OF FINDING.—A finding that is supported by evidence will be taken as true on appeal. (Page 515).

2. LIABILITY OF SURETY — MISREPRESENTATION. — Misrepresentations, made to induce a surety to sign a bond, that a third person is to be a principal therein, if unknown to the obligee, will not defeat his right to recover against the sureties. (Page 515).

3. MISTAKE—FAILURE TO READ CONTRACT.—One who signs a contract without reading it cannot complain that he was mistaken as to its terms. (Page 515.)

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

Affirmed.

STATEMENT BY THE COURT.

The New York Life Insurance Company issued to S. J. Shields a paid up policy of insurance upon his life for the sum of $760, which he afterwards assigned to Moses Siegel. Shields died, and the insurance was claimed by Siegel and also by Fannie Shields, the widow of S. J. Shields. In this predicament the insurance company offered to pay the insurance to Mrs. Shields if she would procure a bond of indemnity from the American Surety Company to the insurance company to protect it from loss in the event it had to pay the insurance to another. To obtain this bond from the surety company, Mrs. Shields induced Abe Stiewel and Maxwell Coffin to execute a bond of indemnity to the surety company to protect it from loss, and the surety company thereupon executed its bond to the insurance company, and the insurance company, upon receiving the bond, paid the insurance to Mrs. Shields.

The bond executed by the surety company to the insurance company is, in substance, as follows, to-wit:

"Know all men by these presents, that we, Fannie Shields, as principal, and the American Surety Company of New York, as surety, are held and firmly bound to the New York Life Insurance

Company in the sum of $1,520, lawful money of the United States, to be paid to the said life insurance company, its successors or assigns."

The condition of the bond being that Mrs. Shields should at all times keep harmless the insurance company against any claim or demand to the proceeds of said policy made and presented by any other party than that made by Mrs. Shields. The bond is signed by Fannie Shields and the American Surety Company. The name of Mrs. Shields is signed by Ed S. Stiewel, her attorney in fact, and acknowledged by him as such.

The bond of Abe Stiewel and Maxwell Coffin to the surety company is, in substance, as follows, to-wit:

"The American Surety Company of New York having at our request become surety for Edward S. Stiewel and Fannie Shields on a certain indemnity bond of even date herewith in the sum of $1,500, given to the New York Life Insurance Company, a copy of which bond is hereunto annexed and made a part of the agreement. Therefore, in consideration thereof, we do hereby jointly and severally undertake and agree that we will at all times indemnify and save the surety company harmless from and against any and all demands arising by reason of or in consequence of its having executed such bond, and before it shall be required to pay the same." This bond is signed by Abe Stiewel and Maxwell Coffin.

After these two bonds were executed the insurance company was compelled by the judgment of a court to pay the insurance money to Siegel, and thereupon the surety company, in accordance with the obligation of its bond, made good the amount to the insurance company. Afterwards the surety company called upon Stiewel and Coffin to repay the amount, and, they declining to do so, the surety company commenced this action upon their bond of indemnity to recover the amount it had paid to the insurance company. The defendants appeared and answered. The defense set up, in substance, that they had been induced to sign the bond by representations that Ed S. Stiewel, as well as Fannie Shields, would sign the bond of indemnity made by the surety company to the insurance company; that they were thus led to believe that they were signing a bond for both Ed S. Stiewel and Fannie Shields, when in fact Ed S. Stiewel did not sign the bond, his failure to do so being, as they allege, concealed from them until the bringing of this suit.

33

On the trial there was a verdict and judgment for the plaintiff, from which defendants appealed.

*J. W. House* and *Menifee House,* for appellants.

The failure of one of those mentioned in the bond as sureties to sign it discharges those who did sign. 14 Cal. 422; 22 Ind. 399; 4 La. Ann. 380; Brandt, Sur. & Guar. § 357; 11 Vt. 448; 21 Cal. 586; 37 Mich. 591; 75 Va. 309; 28 Am. Dec. 404; 7 Pet. 435; 1 Mart. 592; 7 Pet. 435; 25 Am. Rep. 706 *n.*; 4 Cranch, 219; 15 N. J. L. 155; 11 Vt. 447; 3 Wend. 380; 7 Wend. 188. The court erred in refusing the first instruction asked by appellants. 16 Wall. 1; 12 Leigh, 479; Brandt, Sur. § 357; 28 Am. Dec. 677; 68 Am. Dec. 761; 57 Ark. 73; 48 Ark. 441, 446. The court erred in instructing the jury that it must appear that the promise of the signature of Ed S. Stiewel was a material inducement to the appellants when they signed the bond; and that they must determine whether or not this recital in the bond was a mere clerical mistake. The recital was material, and appellants are entitled to stand on their contract. Brandt, Sur. & Guar. § 79; 52 Mo. 75; 5 Humph. 133; 18 Gratt. 801; 43 Barb. 9; 87 Ind. 567; 66 Ind. 398; 45 Ind. 213; 17 Mass. 603-604; 2 Leigh, 157; 85 Ala. 334.

*William G. Whipple,* for appellee.

If there was any surety in the case at all, it was appellee, and the appellants, as obligors on the guaranty agreement, would be principals. 2 Pars. Cont. 3; 24 Pick. 252; 62 U. S. 286; 72 Ill. 13; 8 L. R. A. 380; 2 Rand. Com. Pap. § 849; 2 Pars. N. & B. 117, 118. A contract of guaranty is to be liberally construed as to the obligee, and most strongly as against the guarantor. 104 U. S. 159; 10 S. C. Rep. (U. S.) Law Ed. 152; 4 Ark. 199; 19 L. R. A. 456. That construction is preferred which renders the instrument operative. 7 Wall. 499; 25 U. S. 515; 2 U. S. S. C. (Law. Ed.) 623. Appellants should have read and understood the agreement they signed. 1 Story, Eq. Jur. § 146; Bishp. 247; 61 U. S. App. 712; 33 C. C. A. 121.

RIDDICK, J., (after stating the facts.) This is an action on a bond of indemnity given by the defendants, Abe Stiewel and Maxwell Coffin, to the plaintiff, the American Surety Company, in order to induce it to give another bond to the New York Life Insurance Company. The giving of this bond by the surety com-

pany was the condition on which the insurance company had agreed to pay to Mrs. Shields, a sister of Abe Stiewel, the amount due on a certain insurance policy, about which there was some dispute by reason of the fact that another party had set up a claim thereto. The surety company gave the bond, and the insurance company paid the money to Mrs. Shields, but later, another person having recovered judgment against the insurance company on the policy, the surety company had to make good the loss, and now seeks to recover the amount from the defendants as obligors on the bond of indemnity given to it.

The defense set up by the defendants to this action is that they were induced to sign the bond to plaintiff by reason of representations that Ed S. Stiewel had signed or would sign the bond executed to the life insurance company. But the jury, to whom the case was submitted, found that no such representation was made, either by the plaintiff or its agent. This finding is supported by the evidence, and on this appeal must be taken as true. Mrs. Shields, the other party, was not present, and it is not shown that her agent, Ed Stiewel, made any such representation. He and defendant, Abe Stiewel, were brothers of Mrs. Shields, and were both, no doubt, interested in the matter of procuring this insurance for her. He is in the employ of his brother, Abe Stiewel, and it is not reasonable to believe that he deceived the defendants in any way, but, if he did, he is responsible for his acts, and the defendants have their right of action against him for any damages suffered by them in consequence of his representations. But there is no reason why plaintiff should suffer therefor, as there is nothing in the evidence to show that it had any notice of any representations made by Stiewel.

But the evidence makes it quite plain that neither the plaintiff, Ed Stiewel, nor anyone else misled the defendants by any such representation. The only plausible ground for the defense set up is the recital found in the bond given by the defendants. This bond does recite that the surety company became surety for Ed S. Stiewel and Fannie Shields on a certain indemnity bond, a copy of which, the bond signed by the defendants further recites, is thereunto annexed and made a part thereof. As the bond of defendants refers to the former bond, and expressly recites that a copy of it is annexed thereto and made a part thereof, the two instruments must, of course, be read together to get at their mean-

ing. The two instruments together constitute the contract, and, when the entire contract is read in the light of the attendant circumstances, it is plain that this reference to Ed Stiewel in the bond of the defendants was a mere clerical error, caused probably by the fact that he signed the bond to the insurance company as the attorney in fact of Mrs. Shields. The names of both Ed Stiewel and Mrs. Shields being attached to the bond on which the surety company became surety, the draftsman, in drawing the bond to indemnify the insurance company which defendants signed, by mistake recited that the surety company became surety for both Ed Stiewel and Mrs. Shields, when, in fact, Mrs. Shields was the only principal on the bond. But whether the mistake was made in that or in some other way is not material, for we think it was a mistake which could have misled no one who read both bonds. Now, as before stated, the bond of the defendants recites that the other bond is thereunto annexed and made a part thereof, and, if the defendants failed to read what was in those bonds before signing, the fault was theirs, and not that of plaintiff. Plaintiff had the right to suppose that they understood their contract, and to act on that supposition. *Wagner* v. *National Life Insurance Company,* 33 C. C. A. 121.

This is not a case where one has signed a bond as surety on condition that it shall not be delivered unless another party signs. To deliver the instrument under such circumstances before the other party signs is an act of bad faith which invalidates the bond, if the other party has notice of the premature delivery. But there was no premature delivery of the bond in this case. The defendants themselves made the delivery, and, in our opinion, no valid reason is shown why they should not be bound by their contract. We think that the judgment of the circuit court is right, and it is therefore affirmed.