## MASON *v.* GATES.

Opinion delivered May 10, 1909.

APPEAL AND ERROR—CONCLUSIVENESS OF FINDINGS OF FACT.—Findings of fact, made by a trial judge sitting as a jury, are conclusive on appeal if based on evidence.

Appeal from Carroll Circuit Court; *J. S. Maples,* Judge; affirmed.

*Charles D. James,* for appellant; *C. A. Fuller,* of counsel.

In an action for fraud or deceit the plaintiff must show that defendant made material representations that were false; that they were made with intent that they should be acted upon by plaintiff; that he acted upon them; and that he was damaged

thereby. 71 Ark. 305 ; 30 Ark. 334. Absence of either of the above elements is fatal to recovery. 55 N. Y. 400 ; 112 N. Y. 454 ; 20 N. E. 376. The damage must be the direct result of fraud. 112 N. Y. 454 ; 10 Daly 481 ; 149 Mass. 188 ; 41 Conn. 287 ; 51 Ill. 299 ; 11 Pick. 527 ; 3 Cush. 145 ; 3 Allen 382 ; 118 Mass. 239. Misrepresentation without injury affords no ground of redress. 53 Ark. 275 ; 74 Ark. 54 ; 103 Mass. 505 ; 11 N. W. 793 ; 49 N. W. 767 ; 31 N. W. 360 ; 50 N. W. 612.

*Walker & Walker,* for appellee.

If the finding of the trial court be treated as the finding of a jury, it is conclusive. 82 Ark. 215 ; 84 Ark. 74. But, even if treated as the findings of a chancellor, the judgment will not be set aside unless clearly against the preponderance of the evidence. 85 Ark. 83 ; 79 Ark. 581 ; 81 Ark. 68.

HART, J. This is the second appeal in this case. The opinion on the former appeal is reported in 74 Ark. 46, under the style of *Mason* v. *Thornton.* The judgment was reversed for errors in giving instructions, and the cause was remanded for a new trial. After the case was remanded, Thornton died, and the action was revived in the name of John L. Gates, special administrator of his estate.

The law of the case was settled in the former opinion, and, by agreement of counsel, the case was submitted to the judge of the circuit court, sitting without a jury, upon the pleadings and the evidence as shown by the bill of exceptions in the former appeal. Judgment was rendered in favor of the special administrator as plaintiff, and the defendant, Mason, has duly prosecuted an appeal to this court.

Reference is made to the opinion on the former appeal for a statement of the facts and the questions of law involved applicable to them. In the former opinion at page 54, the court used this language: "If appellant, with design to cheat and defraud appellee, changed the marks on the goods, or, knowing that the marks had been changed or that they did not correctly state the cost of the goods, falsely represented to appellees that the marks did correctly show the cost of the goods, and appellees relied thereon, then appellant is liable, even though appellees by exercise of proper diligence could have discovered the imposition;"

and said: "Appellees had the right to rely upon the representation made by appellant; and if they did so rely upon it, and have been injured, they can recover. The very representations relied upon may have caused the party to desist from inquiring and to neglect his means of information; and it does not rest with him who made them to say that their falsity might have been ascertained, and that it was wrong to credit them."

In the case of *Jones* v. *Glidewell,* 53 Ark. 161, Chief Justice COCKRILL, who delivered the opinion of the court, said: "It is not the practice of appellate tribunals, and has never been the practice of this court, to enter anew into the investigation of issues of facts which have been tried in a law case by a circuit judge upon conflicting testimony." This language was quoted with approval in the recent case of *Williams* v. *Buchanan,* 86 Ark. 267. In the case of *Garland County* v. *Hot Spring County,* 68 Ark. 83, the court said: "Findings of facts, made by a trial judge sitting as a jury, are conclusive on appeal, if based on evidence." In the case of *Stewart* v. *Wood,* 86 Ark. 504, we said that according to numerous decisions of the court the findings of fact of a trial judge are as binding upon us as the verdict of a jury.

In the present case, the court sitting as a jury found the issues of law and fact generally in favor of the plaintiff, and assessed his damages at $1,100. Therefore the only question for our consideration is, was there evidence legally sufficient to sustain the finding? We think there was sufficient testimony from which the court might have found that Mason, with the design to defraud Thornton, changed and raised the cost marks on the goods, and that Thornton was damaged thereby to the amount of $1,100.00.

As we have no concern with the weight of the testimony, it is not necessary that we review it; and it is sufficient to say that it sustains the findings of the court.

The judgment will therefore be affirmed.