HARGIS *v.* JORDAN.

Opinion delivered January 18, 1932.

*E. D. Chastain,* for appellant.

*J. B. Perrymore* and *Starbird & Starbird,* for appellee.

KIRBY, J. This appeal is prosecuted from an order quashing an execution alleged to have been improvidently issued after the judgment had been paid.

On the first appeal of the cause, judgment was affirmed by this court on January 8, 1923, in *Jordan* v. *Hargis,* 156 Ark. 408, 246 S. W. 476. On March 16, 1925, a judgment on the mandate was entered against Jordan, and on April 10, 1931, an execution was issued thereon and levied upon 80 acres of land belonging to him on the 9th day of May, 1931. Jordan filed a motion to quash the execution, alleging it was improvidently issued after the judgment had been paid. A temporary order was entered staying the execution, and the case continued for a hearing until the 3d of July, and, on the 8th of July, an order was made quashing the execution and directing the judgment to be satisfied on the record. The motion to quash alleged that the judgment was paid or satisfied soon after rendition of the judgment in the case by the Supreme Court in 1923.

S. M. Jordan testified that he had paid the judgment to Mr. J. E. London, attorney of record for plaintiff, about "strawberry time" in 1923. Paid about $260 or 65 in Van Buren, and that he was given a receipt showing the fact, but that the receipt had been misplaced or lost.

Judge J. L. Smith, a former county judge, brother-in-law of defendant Jordan, testified that Jordan showed the receipt of London for money in payment of the indebtedness to him; that he was thoroughly acquainted with London's signature, and that he was sure that the receipt was signed by London, and it was for about the amount Mr. Jordan claimed was paid. Witness said that he had been engaged in the abstract and title business; that the receipt was shown to him sometime in 1923, and he told Jordan that he ought to have the judgment satisfied on the record as he might lose the receipt. He also said that the receipt had been lost.

It was shown that, after the death of Mr. J. E. London, his unfinished business was turned over to appellant's attorney, and that no attempt had been made by London to collect the judgment.

The court found the judgment had been paid, and ordered the execution quashed, and the appeal is from that order.

Appellant waived the verification of the petition for quashing the execution by not objecting thereto before the final hearing thereon. The question of payment and satisfaction of the judgment was one of fact, and questions of fact arising on motions to quash an execution are tried by the court and not by a jury, and on such questions of fact the circuit court's findings are as conclusive on appeal as the verdict of a jury. *Woolum* v. *Kelton,* 52 Ark. 445, 13 S. W. 78; *Little River County* v. *Buron,* 165 Ark. 540, 265 S. W. 61.

The testimony is amply sufficient to sustain the finding that the judgment for which the execution quashed was issued had already been paid.

The judgment is affirmed.