## WASHINGTON COUNTY *v.* DAY.

### 4-5064

Opinion delivered May 9, 1938.

148

*J. W. Trimble,* for appellant.

*Pearson & Pearson,* for appellees.

Mehaffy, J.  On August 9, 1937, the appellees filed their claim against the appellant with the clerk of Washington county, said claim being duly itemized and sworn to, for $2,500 for damages for land taken and damaged for highway purposes in widening and relocating highway 62 in Washington county.  The county court allowed the claim in the sum of $750 and appeal was prosecuted to the circuit court where it was tried before the judge sitting as a jury and appellees were given a judgment for $1,900.  The case is here on appeal.

There was introduced in evidence the order of the county court granting the petition of the State Highway Commission to improve and change the highway requiring persons whose lands were affected and who felt aggrieved or damaged to present their claims to the county court within one year.

W. R. Day, one of the appellees, testified in substance that he was one of the owners of the land involved; that the land is on United States highway 62, about two miles from Prairie Grove and eight miles south of Fayetteville; the lands are in what is known as Prairie Grove Valley on the Illinois river.  Appellees own no land on the south side of the Illinois river.  They are changing the river and there are about two acres across the river that will be of no value after the river is changed; that because of the change in the highway appellees would have to build a fence at the cost of $135; that 60 acres of the land in this tract, 55 acres of it in cultivation and five in blue grass pastures, are affected by the change in this highway.  This land is good river bottom land, no rocks on it, and was worth $100 an acre before the change was

made in the highway and the new river channel. Taking everything into consideration, the land is damaged in the sum of $2,500. There are no benefits to the land which did not already exist. Highway 62 went on the side of appellees' land. The whole tract of land owned by appellees is 167 acres, all in the same tract with the 60 acres mentioned. Witness bought some of the land at an administrator's sale, and Mrs. Nicholson owned 103 acres. After witness purchased a portion of the land, the appellees joined together in the whole 167 acres and bought at an administrator's sale subject to the Federal Land Bank loan of $6,200. They paid some back interest and back taxes. The land did not receive any benefits from the new road. It is no more benefit to the lands than the old highway. The old highway did not go through the 60 acres and it was not damaged by it. Most of the land taken by the new road is in the bottom, except a corner of the pasture which is a little higher, but it is good land.

Cecil Shaffer testified as to the damage to the land and estimated the damages at $2,250.

It is unnecessary to copy the evidence with reference to the highway and the change made therein, and changing the channel of the Illinois river, because there is no dispute about these facts.

All of appellees' witnesses testified that the land was damaged from $2,000 to $3,000, and they all testified that there were no benefits because of the building of the new road.

The witnesses for appellant testified to a lower value of the land and a less amount of damages.

The undisputed facts are that U. S. highway 62 had been built some time ago; that it went by appellees' land, but did not go through any portion of it; that in building the old highway the channel of the Illinois river was not changed; that the appellees are the owners of the land and that the land has been damaged by the change of the highway and change of the river.

The tax assessor testified that the lands were assessed at $3,000 and that in Washington county the as-

sessed valuation of land was 30 per cent. or 35 per cent.; that it would not run higher than that.

The appellant contends that the amount allowed, $1,900, is excessive; first, because it is contended that the amount is not consistent with the proof of value; second, because it is inconsistent with the assessed valuation of the land; third, because it is inconsistent with the special benefits accruing to said land by reason of the relocation and improvement of highway 62.

We think the great preponderance of the evidence supports the finding of the court, but that was a question for the court, sitting as a jury.

"The findings of facts by the court, where there is evidence upon which they might be sustained, are conclusive upon this court." *Garland County* v. *Hot Spring County,* 68 Ark. 83, 56 S. W. 636.

This court has repeatedly held that when a case is submitted to the trial judge sitting as a jury, his finding of facts is as conclusive as the finding of a jury. *Amer. Ins. Co.* v. *Brannan,* 184 Ark. 978, 44 S. W. 2d 346; *Hargis* v. *Jordan,* 184 Ark. 1136, 45 S. W. 2d 525; *Sternberg* v. *Snow King Baking Powder Co.,* 186 Ark. 1161, 57 S. W. 2d 1057; *Bridges* v. *Shapleigh Hdw. Co.,* 186 Ark. 993, 57 S. W. 2d 405; *Harvell* v. *Matthews,* 189 Ark. 356, 72 S. W. 2d 214; *Bunting* v. *Rollins,* 189 Ark. 12, 70 S. W. 2d 40. There are numerous other cases decided by this court to the same effect.

Appellant's first contention is that the amount of the judgment is not consistent with the proof of value. It is true there is some conflict in the evidence as to the value of the lands taken, and the damages resulting from the change of the highway and the change of the river, but that was a question of fact for the trial court, and, as we have already shown, his finding of facts is as conclusive here as the verdict of a jury.

Section 23 of article 7 of the Constitution of 1874, reads: "Judges shall not charge juries with regard to matters of facts, but shall declare the law, and in jury trials shall reduce their charge or instructions to writing on the request of either party."

One of the early cases decided by this court after the adoption of the Constitution was *L. R. & Ft. Smith Rd. Co.* v. *Perry,* 37 Ark. 164. In that case there were numerous instructions requested and among others the sixth, which is as follows: "That there is not evidence sufficient in law to sustain a verdict for the plaintiff upon the first count or paragraph of plaintiff's complaint filed on the 26th of September, 1879, and the jury must find for the defendant upon that paragraph or count."

Judge EAKIN rendered the opinion of the court and in discussing the sixth request of appellant, that is a direction to find for defendant, the court said: "The sixth has been held improper by this court, under our Constitution, and we adhere to the former rulings. If there is any evidence whatever, however slight, pertinent to the issue, it should not be taken from the jury, even if the court is satisfied that it would grant a new trial. The learned counsel for the appellant press this point in their brief with much force, upon the practice at common law, in the Federal courts, and in the courts of other states. We think the positive injunctions of the state Constitution, however, settle the matter here: 'Judges shall *not* charge juries with regard to matter of fact, but shall declare the law'."

Not only does the positive injunction of the state Constitution settle this question, but the United States Supreme Court follows exactly the same rule that we do; that is, if there is any substantial evidence to sustain a verdict, it will not be set aside by the court.

Section 7 of art. 2 of the Constitution provided for jury trials. This section was amended so as to permit a smaller number than 12 to return a verdict in civil cases. The amendment reads as follows:

"The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law; and in jury trials in civil cases, where as many as nine of the jurors agree upon a verdict, the verdict so agreed upon shall be returned as the verdict

of such jury; provided, however, that where a verdict is returned by less than twelve jurors all the jurors. consenting to such verdict shall sign the same."

This court has many times construed § 23 of art. 7 of the Constitution, and has held in a long line of decisions that the verdicts of juries shall not be set aside by the court if there is substantial evidence to sustain the verdicts.

One of the early cases is *Messenger* v. *Dunham,* 62 Ark. 326, 35 S. W. 435. Judge RIDDICK, in speaking for the court, said: "It is further said that the damages allowed are excessive, but this question was peculiarly within the province of the jury to determine. There was evidence to support the verdict, and the case is not one that would justify us in disturbing the judgment of the circuit court on that point."

In the case of *St. L. I. M. & S. Ry. Co.* v. *Osborn,* 67 Ark. 399, 55 S. W. 142, Judge RIDDICK, speaking for the court, said: "But the question as to whether the plaintiff was 'soliciting' at the time of his ejection was submitted to the jury, and their finding was in favor of the plaintiff. Although the finding seems to us to be against the preponderance of the evidence, still it has evidence to support it, and, being properly submitted to the jury, the decision of the jury is binding upon us."

In another case Judge WOOD, speaking for the court, said: "Appellant contends, first, that neither the general verdict nor the special findings are sustained by any evidence. The evidence was conflicting, and susceptible of different conclusions being drawn from it, depending upon the point of view from which it was considered. The jury were the judges of it, and we are of the opinion that their verdict is not without evidence sufficient here to sustain it. The question as to whether or not the plaintiff waited a reasonable time for the promised assistance before attempting, unaided, to alight from the train, under all the circumstances in proof, we think was for the jury. It is not a case where the facts are undisputed, and from which only one conclusion can be

drawn.'' *St. L. I. M. & S. Ry. Co.* v. *Baker,* 67 Ark. 531, 55 S. W. 941.

In the case of *St. L. I. M. & S. Ry. Co.* v. *Wilson,* 70 Ark. 136, 66 S. W. 661, 91 Am. St. Rep. 74, this court said: ''It is contended that the cause should be reversed, because the jury failed to observe the rule of preponderance of the testimony. When the cause reaches this forum, it is no longer a question of preponderance, but only of the legal sufficiency of the evidence to support the verdict.''

Again this court said: ''But the jury, to whom the case was submitted, found that no such representation was made, either by the plaintiff or its agent. This finding is supported by the evidence, and on this appeal must be taken as true.'' *Stiewel* v. *Amer. Surety Co.,* 70 Ark. 512, 68 S. W. 1021.

''It is very true that plaintiff was flatly contradicted in many particulars and by several witnesses. It is also true that her character for truth and morality was impeached by several witnesses. Still, the jury were the sole judges of the weight of the evidence and the credibility of the witnesses. Under long established rules of this court, we are not authorized to set aside a verdict because there is a conflict in the evidence, however sharp, and because the verdict seems to us to be against the decided preponderance of the evidence. We will not invade the province of the jury to settle disputed questions of fact.'' *St. L. S. W. Ry. Co.* v. *Byrne,* 73 Ark. 377, 84 S. W. 469.

''The testimony of Tennie Turner alone, if believed, amply sustains the verdict. The jury and the trial judge were satisfied, and this court cannot invade the province of the jury and say that the evidence does not satisfy when it has satisfied them, and is legally sufficient to sustain the verdict.'' *White* v. *State,* 74 Ark. 491, 86 S. W. 296.

''Assuming therefore, that the jury was properly instructed, which we must do, there is nothing before us save the question as to whether or not the evidence is sufficient to uphold the verdict. We have carefully con-

sidered it, and, while we may differ with the jury in its conclusion as to the weight and effect of the evidence, that is a matter peculiarly within its province to decide; and, since there is evidence legally sufficient to sustain the verdict, we cannot disturb it, according to numerous decisions of this court." *McClintock* v. *Frohlich,* 75 Ark. 111, 86 S. W. 1001.

"A verdict of the jury upon conflicting evidence is conclusive upon appeal." *Mo. Pac. Rd. Co.* v. *Bennings,* 186 Ark. 303, 53 S. W. 2d 599; *Amer. Nat'l. Ins. Co.* v. *Chastain,* 188 Ark. 466, 65 S. W. 2d 899; *Dierks Lbr. & Coal Co.* v. *Tollerson,* 186 Ark. 429, 54 S. W. 2d 61; *Roark Trans. Co.* v. *Sneed,* 188 Ark. 928, 68 S. W. 2d 996; *Fries* v. *Phillips,* 189 Ark. 712, 74 S. W. 2d 961; *Dixie Bauxite Co.* v. *Webb,* 187 Ark. 1024, 63 S. W. 2d 634; *Oil Fields Corp.* v. *Hess,* 186 Ark. 241, 53 S. W. 2d 444; *Ætna Life Ins. Co.* v. *Dewberry,* 187 Ark. 278, 59 S. W. 2d 607; *Blakely & Son* v. *Jones,* 186 Ark. 1169, 57 S. W. 2d 1032; *Philpot Const. Co.* v. *Crenshaw,* 182 Ark. 1186, 33 S. W. 2d 372; *Baldwin* v. *Waters,* 191 Ark. 377, 86 S. W. 2d 172; *Reader Rd.* v. *Sanders,* 192 Ark. 28, 90 S. W. 2d 762; *Buschow Lbr. Co.* v. *Ellis,* 194 Ark. 104, 105 S. W. 2d 531; *Miss. River Fuel Corp.* v. *Senn,* 184 Ark. 554, 43 S. W. 2d 255.

It will thus be seen that this court, from immediately after the adoption of the Constitution up to the present time, has consistently held that if there is any substantial evidence to sustain the verdict of a jury, this court cannot disturb it.

The Constitution, as we have above shown, guarantees the right of trial by jury, states that it shall remain inviolate, and extend to all cases at law without regard to the amount in controversy. If a jury's finding of facts is sustained by any substantial evidence, then to say this court could set it aside would nullify the above provision of the Constitution. A jury trial would not mean anything, and no court, so far as we know, having constitutional provisions like ours, has ever held contrary to the rules we have announced. The rule in the Supreme Court of the United States is that if there is any substantial

evidence to support the verdict of the jury, it is conclusive.

It is next contended that the amount awarded is inconsistent with the assessed valuation of the land. Appellant relies on § 6962 of Pope's Digest. That authorizes the court to take into consideration the fact that lands are to be assessed at 50 per cent. of their true value. There is nothing in the record to indicate that the court did not take this section into consideration, but even if this section is considered, it is not controlling, but the value is ascertained from all the evidence introduced. If its assessed value was to be taken as conclusive, there would be no reason to introduce any other testimony on that question.

It is next urged that the finding is inconsistent with the special benefits accruing to the lands. The evidence does not show that there are any benefits accruing to the land because of the new highway, but all of the benefits to the land by the construction of the highway accrued when the highway was first built, and the evidence conclusively shows that there are no additional benefits.

On the question of special benefits the appellant cites and relies on vol. 10, R. C. L. 160. Appellant quotes a portion of § 140 which reads as follows: "Special benefits include both neighborhood benefits and peculiar benefits; a benefit does not cease to be special because it is participated in by every lot fronting upon the improvement."

Certainly it may be that every lot fronting upon the improvement might be specially benefited; that is, benefited in a way that the other lands in the improvement district were not benefited. This court has often decided what is meant by special benefits.

Appellant next calls attention to *Washa* v. *Prairie County,* 186 Ark. 530, 54 S. W. 2d 686. In that case the court said: "It is true also that, before the owner can be said to have been compensated by benefits derived from the appropriation of his property, such benefits must be, not those enjoyed by the public generally, but

must be special benefits accruing to the particular owner of the land from which a part had been taken.''

Appellant next calls attention to the case of *Ross* v. *Clark County,* 185 Ark. 1, 45 S. W. 2d 31. The court in that case said: ''The view which seems to us to accord with reason, and which is supported by high authority, is that where the public use for which a portion of a man's land is taken, so enhances the value of the remainder as to make it of greater value than the whole was before the taking, the owner in such case has received just compensation in benefits. And the benefits which will be thus considered must be those which are local, peculiar, and special to the owner's land who has been required to yield a portion *pro bono publico.*

In all cases where the verdict is not supported by substantial evidence the court should not hesitate to set aside the verdict. If, however, there is substantial evidence to support the verdict, the court should not hesitate to obey the Constitution, and should not invade the province of the jury.

There was substantial evidence to support the finding and judgment of the court, and the judgment is affirmed.