SHATTUCK *v.* BYFORD.

Opinion delivered May 23, 1896.

HOMESTEAD—CONVEYANCE BY HUSBAND AND WIFE.—A conveyance of a husband's homestead is invalid, under the act of March 18, 1887, where the wife merely acknowledges the relinquishment of her right of dower therein.

DEFECTIVE CONVEYANCE OF HOMESTEAD—CURATIVE ACT.—The act of April 13, 1893, curing defects in the execution and acknowledgment of a married man's homestead under the act of March 18, 1887, did not affect the intervening rights of purchasers.

PLEADINGS—AMENDMENT TO CONFORM TO PROOF.—A judgment for defendant in a foreclosure action, based upon the invalidity of a conveyance of a homestead, will not be reversed upon appeal because such ground was not set up by the answer, where the cause was submitted on the pleadings and an agreed statement of facts containing testimony tending to prove the invalidity of such conveyance, to which no objection was interposed.

Appeal from Franklin Circuit Court in Chancery, Ozark District.

JEPHTHA H. EVANS, Judge.

*John M. Rose* and *J. F. Loughborough*, for appellant.

1. The answer does not set up the fact that the mortgage was void under the homestead act, and there was no evidence presented to sustain that defense. The sole defense was usury. Thompson, Homestead, etc., sec. 701-2; Beach, Eq. Pr., sec. 516; 46 Ark. 103. Homestead should be pleaded. Waples, Homesteads, 718; 26 Ark. 356; 42 *id.* 513; Thompson, Homestead, etc., 701;

29 *id.* 500; 24 *id.* 371; 6 *id.* 135; 59 *id.* 170; Mansf. Dig., sec. 5077. There is a total divergence between the *allegata* and *probata*, and it cannot be amended, or treated as amended. Pom. Rem. & Rem. Rights, sec. 554; 2 Rice, Ev., p. 661; Newman, Pl. 723; Maxwell, Code Pl. 583; Green's Pr. & Pl. sec. 475; 16 N. Y. 254; 2 Comst. 506; 88 N. C. 95; 55 Ark. 332.

2. The burden was on defendant to show that the property when mortgaged was Byford's homestead. 34 Ark. 55; Thompson, Homestead, etc., 879; 20 S. W. 543. It may be waived, as it is a privilege. 55 Ark. 139. It must be shown that he is a resident of the state. 34 Ark. 111. And prove he is entitled to the exemption. 53 Ark. 182. There was no proof that the land was Byford's homestead at the time of executing the mortgage.

BUNN, C. J. This is a bill to foreclose a mortgage on a tract of land in Franklin county, conveyed in said mortgage by James P. Byford and wife, Louisa Byford, to Albert R. Shattuck, as trustee, to secure a debt of $400 and interest, owing to the British & American Mortgage Company. William and Fletcher Peters, in some way not shown, became parties defendant in the outset, probably because they were in possession of the land when the suit was instituted, and they alone answered. In the answer, the defendants, William and Fletcher Peters, state that they purchased the land in question from Byford in December, 1889; that Byford was then occupying the land as his homestead, and owning no other lands; that one of them, Fletcher Peters, immediately took possession, and has ever since been in possession, occupying the land as his homestead; and in reference to the mortgage given, as aforesaid, by Byford to Shattuck, the answer charges that the debt secured thereby is usurious, as is also the mortgage.

The said mortgage was given in December, 1888, to secure a debt of $400 and 10 per cent. interest thereon, and due in five years. A note for the principal and for each annual installment of interest accompanies the mortgage. The wife united with the husband in the granting clause of the mortgage. She also relinquished her dower interest in the usual place, and in the usual manner, and then acknowledged that she had signed the relinquishment of her dower, and the certificate of the officer is in due form. This mortgage was properly executed and acknowledged by the husband and wife, and is a good conveyance of the husband's land in general, and would have been a good conveyance of his homestead before the passage of the act of March 18, 1887, but is not a good conveyance of the homestead under that act, for, in order to make such a conveyance valid under that act, the wife must join the husband both in the execution of it and the acknowledgment thereof. Following the ruling in *Pipkin* v. *Williams*, 57 Ark. 242, this court, in *Bank of Harrison* v. *Gibson*, 60 Ark. 269, held that, in order to make valid the conveyance by husband and wife of the husband's homestead, the wife should join with the husband in the execution of the conveyance, and also should acknowledge that she had executed the same; a mere acknowledgment of the relinquishment of dower right not being a sufficient compliance with the act. This suit having been instituted since the passage of the curative act of April 13, 1893, the mortgage, rendered invalid by the defective execution and acknowledgment as aforesaid, would have become valid, under the provisions of this latter act, but for the intervening rights of William and Fletcher Peters; since, according to the doctrine announced in *Sidway* v. *Lawson*, 58 Ark. 117, the curative act cannot effect their rights.

When plead-
ings amended
to conform to
proof.
The controversy is narrowed down to one between the plaintiff and these alleged purchasers from Byford. The defense set up in the answer is one of usury only, and not that of defective conveyance of Byford's homestead. The plea of usury was manifestly not sustained by the testimony, since all. that was shown on that subject was that Byford has only in fact received $390, when his note was for $400 and interest at the highest legal rate, and it was shown that the difference between the two amounts consisted of a sum taken out to pay certain expenses incurred by Byford in relation to the transaction. However, the cause was submitted on the pleadings and what purported to be an agreed statement of facts, and, as a part of this agreed statement was the testimony of Fletcher Peters, who testified as to the homestead right of Byford, as well as that of himself as his vendee; and, upon this state of facts, the court found that, at the time the mortgage was executed, the land conveyed was the homestead of Byford, and, since the same had been defectively executed and acknowledged by the wife of Byford, it was void, and so decreed. The relief on this ground was not prayed in the answer, and, furthermore, it may be said to be rather a loose practice in chancery to treat the pleadings as amended to suit the evidence, under the circumstances presented in this case. But the evidence was admitted without objection, under the character of an agreed statement of facts, and the court below seems to have understood that he had the case before him to be decided upon all the facts presented, and we do not see our way clear to disturb the decree.

Affirmed.