BRYANT LUMBER COMPANY v. CLIFTON.

Opinion delivered February 17, 1908.

EVIDENCE AND INSTRUCTIONS—APPLICABILITY TO ISSUES.—It was error to refuse to confine the plaintiff, in the introduction of evidence, to the issues joined by the pleadings and to instruct the jury that they might find against the defendant upon such evidence so improperly admitted.

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; reversed.

*Mehaffy & Armistead,* for appellant.

In an action for damages for personal injuries, where the complaint alleges two concurrent causes of the injury, one of which, if proved, would not entitle the plaintiff to recover, it is error to so instruct the jury as to leave it open to them to find that one or the other of the alleged acts or omissions is negligence. 58 Ark. 324; 25 Ark. 490. Since there was no amendment asked for, proof that the skids should have been floored from underneath, etc., was without the issues. It is error to submit to a jury issues upon which there is no evidence to support a finding. 63 Ark. 177; *Id.* 563; 70 Ark. 441; *Id.* 136; 74 Ark. 19; 76 Ark. 348; *Id.* 599; 77 Ark. 20;

42 Ark. 57; 41 Ark. 382. Facts should not be stated hypothetically which do not appear in evidence. 53 Ark. 350; 69 Ark. 489; 67 Ark. 147; 33 Ark. 350.

*W. C. Adamson,* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

That it is the duty of the master to provide a servant a safe place in which to work, see 44 Ark. 525; 48 Ark. 334; 57 Ark. 377; 79 Ark. 503. It is negligence for which, in case of injury, the master is liable to place the servant at work at a dangerous employment with which he is not acquainted. 58 Ark. 168; *Id.* 66; *Id.* 28; 70 Ark. 295; 79 Ark. 20; 77 Ark. 458; *Id.* 367; 76 Ark. 184.

The evidence is sufficient to sustain the verdict, and the instructions given on behalf of the plaintiff are plainly the law.

BATTLE, J. The complaint in this case in its original form is as follows:

"On the 24th day of January, 1903, the plaintiff (W. M. Clifton) was a servant in the employment of the defendant (Bryant Lumber Company), which is a corporation organized under the laws of the State of Arkansas, and engaged in the manufacture of lumber. The plaintiff had been in the service of the defendant about one year, but his duties had been confined to the piling of lumber in the yards. The defendant had a mill, the main floor of which was elevated a considerable distance above the yard, and the lumber which was sawed here was conveyed to the yard over what was called a skid, consisting of four beams parallel with one another, at a distance of three feet apart and running from said main floor to the ground at a steep angle. Said skid should have been covered so as to present a smooth surface, but, through the negligence of the defendant and its indifference to the safety of its employees, said skid was left uncovered, and on the day in question, in consequence of the uncovered condition of said skid, a large quantity of lumber became wedged thereon, so that it would not slide to the ground. The servant of the company whose business it was to attend to said skid and to remove the lumber therefrom was absent, and the defendant's superintendent, in charge of the mill, directed the plaintiff to remove said lumber from the

said skid. The plaintiff removed all of said lumber that could be removed while he stayed upon the ground, and thereupon the said superintendent directed 'him to go upon the lumber that was upon said skid to remove the same. The plaintiff suggested that it might be dangerous to do so, but the said superintendent assured him that there was no danger, and peremptorily commanded him to go upon said lumber and cast it down. The plaintiff, relying upon the assurance of said superintendent, and in obedience to said orders, went upon said lumber, and while he was carefully removing the same the said lumber suddenly slipped from beneath him without any fault on his part, and he fell from the said skid a distance of fourteen feet, breaking his left arm at the shoulder, and dislocating his shoulder, and sustaining an injury which permanently incapacitates him from labor, and which has caused him great pain and suffering of mind and body, and in the treatment of which he has been put to great expense for medicines and medical attendance, to the damage of plaintiff in the sum of $10,000.

"Wherefore plaintiff prays judgment for the said sum of $10,000."

The ground upon which the plaintiff seeks to recover damages in this case is as follows: The superintendent of the defendant peremptorily ordered him to go upon the lumber that was upon the skids and throw it down, and, upon plaintiff suggesting that that might be dangerous, assured him that there was no danger, and, relying upon his assurance, plaintiff went upon the lumber and carefully undertook to remove it, and while doing so it (lumber) suddenly slipped from beneath him and caused him much damage. No evil effects were attributed to the skids being uncovered except the accumulation of lumber thereon. There is no pretense that the injury to the plaintiff would not have occurred if the skids had been covered and the lumber had accumulated thereon as it did.

The defendant denied the allegations in the complaint, and alleged "that whatever danger attended the work which plaintiff was doing was apparent to plaintiff as it was to the defendant, and that if there was any special danger it was not apparent to or known to the defendant, and that plaintiff's injury

grew out of the risks assumed by him, and which were incident to the character of work in which he was engaged."

An amendment was made to the complaint which, for the purposes of this opinion, it is not necessary to state.

L. C. Gates was allowed to testify in behalf of the plaintiff, over the objections of the defendant, that the skids ought to be floored, and that they were dangerous as they were, and that some mills floored, and some did not, and those that did floored underneath. Other evidence was adduced by both parties.

The court instructed the jury over the objection of the defendant in part, as follows:

"You are instructed that it was the duty of the defendant to use reasonable diligence to furnish its employes a safe place to work, and for any negligence in this particular causing injury to the employee it is liable in damages, unless the negligence of the employee contributed to the injury, or the danger was obvious. If, therefore, you find that the defendant did not exercise reasonable diligence in the construction of said skids to make them safe, by flooring them or platform by securely fastening it, you will find for the plaintiff, unless you find that he was himself negligent, and that such negligence on his part contributed to the injury, or unless you find the danger was obvious."

The jury returned a verdict in favor of the plaintiff for $450.

The court refused to confine the plaintiff in the introduction of evidence to the issues joined by the pleadings, by admitting the evidence objected to, and to confine itself to the issues by an instruction based in part upon such evidence, but tried the case, in part, outside the same, and in so doing failed to confine itself to the rules adopted to maintain orderly procedure and to protect parties. Upon the objection to evidence the plaintiff could have so amended its complaint as to have made it admissible, upon such terms as would have been just, but without such amendment the court should have rejected the testimony (*Bloch Queensware Co.* v. *Metzger,* 70 Ark. 232; *Railway Company* v. *State,* 59 Ark. 165; *Shattuck* v. *Buford,* 62 Ark. 431; *Young* v. *Stevenson,* 75 Ark. 181; *McElvaney* v. *Smith,* 76 Ark. 468), and instructed the jury accordingly. The defendant was en-

titled to a trial according to the issues. A denial of that right is contrary to the spirit of the rules of pleading and of legal procedure, one of which is that the allegation and proof should correspond. In this case there was not merely a variance, but a departure from the allegations.

Reverse and remand for a new trial.