### LITTLE RIVER COUNTY *v.* BURON.

#### Opinion delivered October 13, 1924.

1. COUNTIES—CONTRACT FOR AUDIT OF COUNTY BOOKS.—Crawford & Moses' Dig., § 661, providing that the county judge "may, in his discretion, call on the State Auditorial Department for an audit of the books and accounts of the county," intended to give the county court the discretion of calling on the State Auditorial Department for auditors to make an audit of the county books, but not to take away the court's power to employ other auditors if deemed advisable.

2. APPEAL AND ERROR—CONCLUSIVENESS OF FINDING OF FACT.—A finding of fact of the circuit court sitting without a jury is as conclusive on appeal as the verdict of a jury.

Appeal from Little River Circuit Court; *B. E. Isbell,* Judge; affirmed.

*June R. Morrell* and *George R. Steel,* for appellant.

The claims are invalid for the reason that the county judge and the county court did not comply with the law, in not calling upon the Auditorial Department for the appointment of an auditor to make the audit. §§ 661, 662, 663 and 664, C. & M. Digest. The Legislature has absolute authority to provide the manner in which the county judge shall act, in case he exercises his authority, and to provide the manner in which he shall proceed. 119 Ark. 567; 92 Ark. 93; 89 Ark. 456; 99 Ark. 100; 85

Ark. 464. The question as to whether the enactment is wise or expedient is exclusively for the General Assembly to determine. 89 Ark. 456. In construing an act of the Legislature, the intention of the Legislature in the passage of the act must be taken into consideration. 25 R. C. L., § 216, p. 960. The statute is not merely directory, but mandatory. 77 Ark. 417; 25 R. C. L. 770; 106 Ark. 48; 22 How. 422; 24 N. E. 1009; 34 Ark. 394; 25 Ark. 101. The intention of the Legislature should prevail. 27 Ark. 420; 35 Ark. 56; 37 Ark. 491; 3 Ark. 285; 11 Ark. 44.

*DuLaney & Steel,* for appellee.

The claim was a valid claim against the county under article 7, § 28, of the Constitution. See also 122 Ark. 114; 175 Ill. App. 290; 114 Cal. 419; 46 Pac. 292. The Legislature, by the enactment of § 661, C. & M. Digest, simply gave the county court authority which it did not have before, that is, to call on the State Auditorial Department for an audit, if in its discretion it saw fit to do so. The word "may" in a statute is sometimes used in a mandatory, and sometimes in a directory, permissive, sense, but it is only where it is necessary to give effect to the clear policy and intention of the Legislature that it can be construed in a mandatory sense. 53 N. W. 256; 86 Iowa 352; 30 S. W. 1053; 88 Tex. 213; 26 U. S. 46; 7 L. ed. 47; 3 Neb. 224; 46 N. Y. 200; 59 Hun. 258; 12 N. Y. Supp. 890; 128 N. Y. 632; 29 N. E. 146; 75 N. Y. Supp. 976; 71 App. Div. 351; 69 Fed. 671; 8 Kan. 623; 60 Pac. 1092; 128 Cal. 444; 82 Mass. 166; 56 N. E. 953; 184 Ill. 597; 24 S. W. 638; 42 Mo. 171; 55 Cal. 599.

HART, J. V. E. Buron filed three claims in the county court of Little River County, Arkansas, for services in auditing the accounts of the various county officers, under a contract made with the county court. The three claims of Buron, amounting in the aggregate to $2,957.14, were allowed in the county court.

W. M. Gathright, a citizen and taxpayer of the county, filed his affidavit and bond for appeal, and the appeal was duly granted.

The circuit court, after hearing the evidence, found that the county judge of Little River County made a contract with V. E. Buron to audit the books and records of the various county officers of said county, and that the contract made by the county judge was ratified by the county court. The court further found that V. E. Buron and his assistants made an audit of the business, books and records of said county officers for a period of five years, in accordance with the contract, and that the services performed by Buron as such accountant were reasonable. It therefore affirmed the judgment of the county court making him an allowance in the sum named above. The case is here on appeal.

The first contention of appellant is that the county court had no power to make a contract with Buron to audit the accounts and records of the various county officers, except under the provisions of § 661 of Crawford & Moses' Digest. The section reads as follows: "The county judge of any county may, in his discretion, call on the State Auditorial Department for an audit of the books and accounts of the county and township officers of the county of which he is the county judge. In such event it shall be the duty of the State Comptroller to appoint one or more experienced auditors for the purpose of making such audits as called for by the county judge, and such auditor or auditors shall receive a salary of not less than $10 a day for each day, and actual traveling expenses while engaged in the work of such audit."

It is their contention that the word "may" means "must" or "shall," and that the county judge or county court had no discretion to cause an audit of the books and accounts of the county officers to be made, except by applying to the State Comptroller, as provided in the statute just quoted. They invoke the rule laid down in *Washington County* v. *Davis,* 162 Ark. 335. In that case it was held that the word "may" is always construed "must" or "shall" whenever it can be seen that the Legislature intended to impose a duty and not merely a privilege or discretionary power, and that the public or

third persons are interested and have a claim of right to have the power exercised.

We do not think that rule has any application under the language used in the section to be construed in the case at bar. That case and others recognize the rule to be that it is only where it is necessary to give effect to the clear policy and intent of the Legislature that the word "may" is to be construed in a mandatory sense, and, where there is nothing in the context or in the sense and policy of the section to require an unusual interpretation, its usual meaning is merely permissive or discretionary.

In the instant case we do not see that it is at all necessary that the word "may" should be construed in a mandatory sense in order to give effect to the clear policy and intention of the Legislature in passing the statute of which the section in question is a part. It does not seem to us that the legislative intent was to impose an imperative duty upon the county judge to call on the State Auditorial Department when an audit of the books and accounts of the various officers was deemed necessary; but it is rather made plain that it was the intention of the Legislature to give the county court the privilege or discretionary power of calling on the State Auditorial Department for experienced auditors if he deemed such a course to the best interest of the county.

Neither do we see that the public or third persons have a claim of right to demand an exercise of the power which is plainly given to the county judge in his discretion. Section 661 is a part of the act creating a State Auditorial Department. Primarily the duties of that department relate to the inspection and supervision of all books and accounts of departments of State and other State institutions named in the act. The act was passed by the Legislature of 1917. Prior to that time, in the case of *Leathem & Co. v. Jackson County*, 122 Ark. 114, this court held that the county court, being the general fiscal agent of the county, is possessed of supervisory

power over the collection and preservation of its funds, and that it had the implied power to employ an expert accountant to audit the books, accounts and public records of county officers.

There is nothing in § 661, or in any other section of the act creating the Auditorial Department, which shows that the Legislature intended to take away from the county court the power to employ accountants to audit the books of the county officers, as held in the case of *Leathem & Co.* v. *Jackson County, supra.* On the other hand, the very language used seems to indicate that it was the legislative intention to give the county court an added power, and that is, in its discretion, to apply to the Auditorial Department of State for experienced auditors to make the audit called for by him as county judge. In plain terms the section recognizes that the power is already vested in the county court to have made an audit of the books of the county officers and to employ expert accountants for that purpose, and § 661 merely gives the county judge the privilege, in his discretion, of applying to the State Auditorial Department for such experienced auditors or accountants.

But it is claimed that the section is mandatory because it fixes a minimum fee which the experienced auditors may receive, which is a salary of not less than $10 a day for each day while engaged in the work of audit, and actual traveling expenses. This might or might not be a cheaper way to make the audit. The county court might be able to employ accountants at much less than the salary fixed by this section of the statute. It is easy to see that in many instances an audit of the books might be made by local accountants at much less expense than to call on the Auditorial Department for experts employed by it. The evident purpose of the statute was to enable the county court to call on the Auditorial Department for accountants when, in its discretion, it was deemed best to do so.

The authority of making the audit is vested in the county court, and the rights of the public are only to

have a correct audit, and their rights are not in any manner affected by vesting in the county court the power to appoint expert accountants in the first place, or in giving it discretion to call upon the Auditorial Department for expert accountants to make the audit.

It is next insisted that the amount allowed by the county court for making the audit is too much. The proof on this branch of the case is in direct conflict, and no useful purpose could be served by setting it out in full. We deem it sufficient to say that an audit of the books and records of the various county officers for a period of five years was made. Buron was engaged eighty days in making the audit. He had two assistants most of the time. Other expert accountants testified that the services performed were worth the amount charged, and that the amount charged was no more than was customary to be paid by banks and other concerns for similar services.

It is true that the testimony as to the amount charged was contradicted by the witnesses for appellant; but the case was tried before the circuit court sitting without a jury. On this question of fact the circuit court sustained the finding of the county court, and, under the settled rules of this court, where circuit courts are required by law to pass upon questions of fact, the findings are as conclusive on appeal as the verdicts of juries. *Jones* v. *Glidewell*, 53 Ark. 161; *Matthews* v. *Clay County*, 125 Ark. 136; and *Cady* v. *Pack*, 135 Ark. 445.

It follows that the judgment will be affirmed.