Missouri Pacific Railroad Company *v.* Bain.

Opinion delivered March 1, 1926.

1. Railroads—killing of dog—presumption.—Proof that a dog was killed by a railroad train raises a presumption of negligence, and imposes on the railroad company the burden of proving that there was no negligence.

2. Railroads—killing of dog—jury question.—Though defendant's trainmen testified that they were keeping a lookout, yet where their testimony in other particulars was contradicted by other witnesses, it was a question for the jury to determine whether or not there was negligence in failing to keep a lookout to discover the presence of plaintiff's dog on defendant's track.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*Thos. B. Pryor* and *H. L. Ponder,* for appellant.

McCULLOCH, C. J.   Appellee owned a dog, which was run over and killed by one of appellant's trains in Jackson County, and appellee instituted this action before a justice of the peace in that county to recover damages in the sum of fifty dollars for the loss of the dog.   There was a judgment before the justice of the peace in favor of appellee, and on a trial anew in the circuit court on appeal the result was the same, and an appeal has been duly prosecuted to this court.

The principal contention is that the evidence is not sufficient to sustain the verdict.   It is undisputed that the dog was run over and killed by one of appellant's passenger trains, and the issues of fact in the case relate to the value of the animal killed and the question of negligence on the part of the servants of appellant.

The dog was killed near the public road crossing at Campbell's Spur, in Jackson County, about six-thirty or seven o'clock on the morning of a day in June, 1924. Appellee was engaged in hauling.   He was running three wagons, two of them being driven by his boys in hauling lumber, and he himself was hauling cotton in another wagon.   The dog owned by appellee was following the wagons.

Appellee testified that the lumber wagons driven by the boys were in front, and that after the last one had crossed the track he saw the dog come upon the railroad track and turn south, down the track, and that, after he had moved down the track, between the rails, beyond the cattle-guard and inside of a field, he was struck by the train and killed.   Appellee testified that there was no signal given either by bell or whistle.   The precise distance that the dog traveled down the track is not stated, but appellee made the statement on the witness stand that the dog was about as far from the crossing when struck as the distance from the witness stand in the court room to the back wall of the building.   No witness testified as to that distance, but the testimony was given in the presence of the jury, who could observe the distance

pointed out by the witness, and we must assume that the jurors correctly estimated the distance described in their presence. Two other men who were present when the dog was killed testified the same as appellee, that they saw the dog go on the track at the crossing and turn down between the rails, and that it was between the rails when struck by the train. One of the witnesses testified that there was no signal either by bell or whistle, and the other witness testified that he did not hear any signal. The trainmen testified that the signals were given for the crossing, and that the dog was running along by the side of the track and suddenly came onto the track a short distance before the moving engine—too short a distance to enable them to take any steps to stop the train. We think that it was a question for the jury to determine whether or not there was negligence in failing to keep a lookout to discover the presence of the dog on the track or in failing to exercise care to frighten the dog by signals after its presence was discovered. There was a conflict in the testimony, but it was legally sufficient to sustain the verdict. It being shown that the dog was killed by the train, a presumption of negligence arose, and the burden was on appellant to show that there was no negligence. *Nelson* v. *Missouri Pac. Rd. Co.*, 160 Ark. 568.

It is contended that the evidence of the trainmen as to the keeping of a lookout was undisputed. It is true that there was no witness who testified that a lookout was not kept, but there is a conflict in the testimony as to whether or not signals were given and as to the position of the dog just before it was struck by the moving train. If the jury found that the trainmen were not telling the truth about those matters, they were justified in treating the witnesses as discredited and in rejecting their testimony, which, under the circumstances, would not be arbitrary.

The instructions of the court were in accordance with the law as settled by repeated decisions of this court, and there was no error in that respect.

Judgment affirmed.