MISSOURI PACIFIC RAILROAD COMPANY *v*. SLOAN.

## Opinion delivered February 6, 1928.

1. APPEAL AND ERROR—EFFECT OF REQUEST FOR DIRECTED VERDICT.—Where, at the conclusion of the testimony, each party requested a directed verdict, they in effect agreed that the question at issue should be decided by the court, and the court's finding in favor of plaintiff was equivalent to a finding of a jury in his favor.

2. RAILROADS—INJURY BY TRAIN—JURY QUESTION.—In a suit against a railroad for negligently killing a dog, evidence of her mangled condition and the fact that she was knocked into a ditch 50 or 60 feet from a railroad track made the question whether she was killed by a train for the jury.

3. RAILROADS—PRESUMPTION OF NEGLIGENCE.—Where a dog was killed by defendant's train, the presumption of negligence arose, which placed the burden on the railroad to show that it had not negligently killed the dog.

4. CONTINUANCE—ABSENT WITNESSES.—In a suit against a railroad for negligently killing a dog, where, on the day of trial, plaintiff named the day and the hours between which the dog was killed, and it was shown that six of defendant's trains passed during the hours named, and that defendant was unable to try the case without the presence of the engineers and firemen operating such trains, it was error to deny the defendant a continuance to secure the attendance of such witnesses.

Appeal from Crawford Circuit Court; *J. O. Kincannon*, Judge; reversed.

*Thomas B. Pryor* and *Vincent M. Miles*, for appellant.

HUMPHREYS, J. This suit was brought in a justice of the peace court in Crawford County, Arkansas, by appellee against appellant, to recover $75 for the negligent killing of a female dog, on December 23, 1925. Judgment was rendered for said amount against appellant, by default, from which an appeal was duly prosecuted to the circuit court of said county, where the case was set for hearing on March 24, 1927. On March 23, the day before the trial, appellant filed a motion to require appellee to make the complaint more definite and certain, whereupon he amended his complaint to allege that the dog was killed by a westbound train on December 23, 1925, and stated in open court that the dog was killed between

6 o'clock P. M. on the 23d and 6 o'clock A. M. on the 24th of said month. After receiving this information, appellant filed another motion to make the complaint more definite and certain by requiring appellee to designate the train that killed the dog, or to state the time within an hour when the dog was killed, upon the theory that it could not make a defense except at great cost, on account of numerous trains that passed west between the alleged hours.

The court overruled each motion, and exceptions were properly saved to the rulings.

Thereupon appellant filed a motion for a continuance on the ground that six of its westbound trains passed between the hours alleged, and that it would require considerable time to confer with the engineers and firemen operating each train, and, as all lived at a distance, it would require time to secure their attendance as witnesses on the court, and, if present in court, each would testify he was maintaining a constant lookout at the point at which the dog was supposed to have been killed, but neither saw the dog, and that the train operated by him did not kill her. The court overruled the motion for a continuance, over the exceptions of appellant. On the following day the cause was called and tried, resulting in a judgment against appellant, from which is this appeal.

Appellant testified that he loaned two dogs, on December 22, 1925, to a neighbor, one being the dog in question; that the other dog returned on the night of the 23d, but that the dog in question failed to come home; that he found her on the 26th or 27th day of December, lying fifty or sixty feet off the railroad track, down in a ditch beside the track, with marks indicating that she had been knocked down there from the east to the west; that one side of the dog was skinned up, and that blood was running from her mouth and nose; that her fair market value was $100; that the railroad track where she was killed was straight in both directions for a distance of about half a mile. Other evidence was intro-

duced tending to corroborate appellant's testimony with reference to the value of the dog.

At the conclusion of the testimony each party requested the court to direct a verdict in his favor, and asked no other instructions. By doing this they, in effect, agreed that the question at issue should be decided by the court, and the court's finding in favor of appellee was tantamount to a finding of a jury in his favor. *St. Louis S. W. Ry. Co.* v. *Mulkey,* 100 Ark. 71, 139 S. W. 643, Ann. Cas. 1913C, 1339.

Appellant contends for a reversal of the judgment upon the alleged ground that there is no substantial evidence in the record showing that the dog was killed by the train. We think the mangled condition of the dog and the fact that she had been knocked from east to west down into a ditch fifty or sixty feet from the track made it a question for the jury to say whether she was killed by the train. Appellant is therefore bound upon this issue by the finding of the court against him. As a result of this finding, a presumption of negligence arose, and the burden was then upon appellant to show that it had not negligently killed the dog. *Mo. Pac. Rd. Co.* v. *Bain,* 170 Ark. 594, 280 S. W. 625.

Appellant further contends for a reversal of the judgment because it was prevented from meeting this burden by the court's refusal to sustain its motion for a continuance. Appellant availed itself of the first opportunity to obtain an allegation as to when the dog was killed, with sufficient definiteness to make a defense. It did not have time thereafter or before the trial to get its witnesses, so the court erred in overruling its motion.

In passing it may be said that appellant alleged as definitely as he knew as to the time the dog was killed, and testified as definitely as he could relative to the date. Appellant could only be required, under the allegations and proof, to bring into court the witnesses who operated its westbound trains between 6 o'clock P. M. on the 23d and 6 o'clock A. M. on the 24th of December, 1925. The expense attached to bringing them into court could not relieve

appellant of the duty to meet the burden by showing that it did not kill the dog, or, if so, that it did not kill her negligently.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.