MISSOURI PACIFIC RAILROAD COMPANY *v.* CHASE.

Opinion delivered January 20, 1930.

*Thomas B. Pryor* and *Harvey G. Combs,* for appellant.

*W. U. McCabe,* for appellee.

HART, C. J. Appellant prosecutes this appeal to reverse a judgment of $150 against it in favor of appellee for running over and killing with one of its trains, two hunting dogs owned by him.

The first assignment of error is that the evidence is not legally sufficient to support the verdict. According to the testimony of John Tilley, he lived near Shipp's Ferry in Baxter County, Arkansas, in November, 1928. He heard a train whistle, and went to his door. He saw what he took to be a couple of yearlings on the railroad track, running ahead of the train. He could see them in the light of the train, and they were running about forty or fifty yards ahead of the train. The train went behind some timber, and he could not see them any more. He went over to the railroad track the next morning and found the two hounds, which appeared to have been killed by a running train. One of them was a black and tan hound, and the other was white with red ears. The physical condition of the dogs indicated that they had been run over by a train. They appeared to have been dragged along the track for some distance after the train struck them. Trained hunting dogs are worth all the way from $75 to $100 each.

According to the testimony of the appellee, Joe Chase, he owned the dogs which had been killed by the train. One of them was a fox hound, and the other was a tree dog. He had refused $75 for each of the dogs. They were trained dogs, and he had owned them for about six months. One of them was two years old, and the other was five.

According to the testimony of W. N. Reeves, the fireman on the train of appellant, on the 28th day of November, 1928, he saw a couple of dogs run square in front of the engine just below Shipp's Ferry, in Baxter County, Arkansas. They passed in front of the engine, so close that it was impossible to stop the train to avoid striking them. The fireman had been putting coal in the engine, but was up in the cab when the dogs were killed. The engineer had called for a signal, and was looking back to answer the signal when the dogs were killed.

Appellee having shown that the dogs were killed by a train, a presumption of negligence arises, and the burden of proof was upon the railroad company to show that it was guilty of no negligence. *Mo. Pac. Rd. Co.* v. *Bain,* 170 Ark. 594; and *Mo. Pac. Rd. Co.* v. *Sloan,* 176 Ark. 179.

This is conceded by counsel for appellant, but they contend that the statutory presumption of negligence was overcome by the testimony of the fireman, which they claim was undisputed. It is true that the fireman testified that the two dogs ran in front of the engine, so close to it that it was impossible to stop the train, but we do not think that his testimony can be said to be undisputed. According to the testimony of Tilley, he saw the dogs running forty or fifty yards ahead of the engine on the track. He said that he heard the whistle of the train, and upon going to his door and looking out, he could see the dogs running ahead of the train by the light of the engine. It was late in the afternoon at the time the dogs were run over and killed by the train. His testimony, if believed by the jury, shows that the dogs were running ahead of the train, instead of going upon the track immediately in front of the engine. If they were running along the track, forty or fifty yards ahead of the engine, the jury might have believed that the train could have been checked enough to have avoided running over the dogs or, at least, if the whistle had been blown, the dogs would have been scared off the railroad track. Therefore, it cannot be said that the evidence is not legally sufficient to warrant the verdict.

The next assignment of error is that the evidence as to the value of the dogs was not sufficient upon which to base a verdict of $150. John Tilley testified that good hunting dogs were worth from $75 to $100 each. The appellee testified that they were good hunting dogs, and that a short time before they were killed, he had refused $75 each for them. This was sufficient evidence upon which to base a verdict and judgment for $150. *Mo. Pac. Rd. Co.* v. *Edwards,* 178 Ark. 736.

We find no reversible error in the record, and the judgment will therefore be affirmed.