AMERICAN INSURANCE COMPANY OF NEWARK, NEW JERSEY *v.* BRANNAN.

Opinion delivered December 14, 1931.

*Verne McMillen,* for appellant.
*George W. Clark,* for appellee.

MEHAFFY, J. The appellant issued its policy of insurance to appellees insuring against loss in the sum of $2,500. The policy was dated August 26, 1929. On December 8, 1930, the property insured was destroyed by fire. Notice of the loss was immediately given, and the company advised that its adjuster would make an investigation in the near future, and, in order that the adjuster might not be delayed, the appellant requested that the insured get some reliable contractor to make an estimate to repair or replace said building. The adjuster did not

make the investigation until 54 days after the property was destroyed.

There was some controversy as to whether there was a total loss and as to what the cost of replacing the building would be.

There was quite a good deal of correspondence between the appellant and the insured and his attorney, and on the third of March appellees filed with the company proof of loss. On April 3, 1931, appellees filed suit in the Faulkner Circuit Court alleging the contract of insurance, the destruction of the property, and the refusal of the appellant to pay.

It was alleged in the complaint that proof of loss was furnished the company, and that it acknowledged the same on December 16, 1930. This allegation was denied by the defendant.

The amount named in the policy, $2,500, less premium note of appellees, was paid, and there is therefore nothing claimed in the suit now except damages and attorney's fees.

There was nothing said in the complaint about a waiver of proof of loss, but the issue made by the pleadings was whether or not proof of loss was made on December 16th.

A jury was waived, and there was a trial before the circuit judge sitting as a jury. At the trial, the appellees did not introduce any evidence that proof of loss was made on December 16th, as alleged in the complaint, but introduced evidence to prove that the appellant had waived proof of loss.

The appellee, Brannan, and his nephew testified in substance that they came to Little Rock to the office of Bennett, the adjuster, and that he refused to pay the amount of the policy, and denied liability for the loss, but offered to pay a sum somewhat less than the amount named in the policy; that at that time there was a waiver of proof of loss. The appellant objected to this testimony on the ground that it changed the issues and it was not prepared to meet this proof; that appellant had not been

informed and did not know that appellees claimed that there had been a waiver, but was prepared to try the issues made by the pleadings; that is, as to whether proof of loss had been made on December 16th.

Appellant's request for postponement to enable it to get its witnesses was denied, and the case proceeded to trial over the objections of the appellant.

The court found that the appellee, Brannan, complied with the request of the adjuster and completed the estimate and called on the adjuster, Bennett, and that said adjuster made an offer of settlement, deducting more than 10 per cent. of the amount due under the policy, which the insured declined to accept; and that the adjuster refused to pay more.

The court further found that the entering into negotiations for settlement, offering a less sum than was due, and a refusal to pay the face of the policy, constituted a denial of liability and likewise a waiver of defendant to require proof of loss.

The court gave judgment for appellees in the sum of $2,361.64 with interest, and judgment canceling the premium notes amounting to $138.36; found also in favor of appellees a penalty of 12 per cent. and $200 attorney's fees, and adjudged the cost against appellant.

Motion for a new trial was filed, overruled, and the case is here on appeal.

There is no controversy about the amount of insurance, but the appellant insists that it should not be required to pay 12 per cent. damages and attorney's fees.

Appellee's witnesses testified to facts which, if true, constituted a waiver of proof of loss as well as denial of liability. The testimony of Bennett, the adjuster, is in conflict with this evidence.

When a case is submitted to the trial judge, his finding of facts is as conclusive as the finding of a jury. If there is any substantial evidence to support the finding of the trial judge, it is conclusive here.

This court has said, in speaking of the finding of the circuit court sitting without a jury: ''On this question

of fact, the circuit court sustained the finding of the county court, and, under settled rules of this court, where circuit courts are required by law to pass upon questions of fact, the findings are as conclusive on appeal as the verdicts of juries." *Little River County* v. *Buron*, 165 Ark. 535, 265 S. W. 61; *Mo. Pac. Rd. Co.* v. *Sloan*, 176 Ark. 179, 2 S. W. (2d) 15; *Johnson* v. *Spangler*, 176 Ark. 328, 2 S. W. (2d) 1089, 59 A. L. R. 899; *Plunkett-Jarrell Grocer Co.* v. *Huie*, 175 Ark. 1148, 2 S. W. (2d) 1.

The finding of facts by the trial judge is conclusive here. The appellant, however, insists that there was an entire change of issues, and that, while the issue, as made by the pleadings, was whether proof of loss had been made on December 16th, the issue that it was required to try was a totally different issue; that is, it was required to try the question of whether there had been a denial of liability and waiver of proof of loss.

Appellant alleged that it was not prepared to try this issue, and, since no such issue was made by the pleadings, it could not be expected that the appellant could try this issue without some time to get ready.

The appellees were permitted, without amending their pleadings, to introduce evidence on an issue not made by the pleadings. It was, in fact, a wholly different lawsuit. This, we think, was error.

This court has said: "The court refused to confine the plaintiff in the introduction of evidence to the issues joined by the pleadings, by admitting the evidence objected to, and to confine itself to the issues by an instruction based in part upon such evidence, but tried the case in part outside the same, and, in so doing failed to confine itself to the rules adopted to maintain orderly procedure and to protect parties. Upon the objection to evidence, the plaintiff could have so amended its complaint as to have made it admissible, upon such terms as would have been just, but without such amendment the court should have rejected the testimony and instructed the jury accordingly." *Bryant Lumber Co.* v. *Clifton*, 85 Ark. 322, 108 S. W. 216.

The court, in holding that certain evidence was not objectionable on the ground of surprise, said: "The new issue in fact only related to the number of logs which had been cut and stacked at Worden's Spur; and no new or additional testimony was necessary." *Brown & Hackney* v. *Loveless,* 152 Ark. 540, 239 S. W. 21.

In the instant case there was new evidence, and evidence, we think, which could not have been anticipated by the appellant, because the issues tried were totally different from the issues made by the pleading, and the variance was material.

This court quoted with approval the following from Pomeroy: "If the divergence is total, that is, if it extends to such an important fact, or group of facts, that the cause of action or defense as proved would be another than that set up in the pleadings, there is plainly no room for amendment." *Railway Co.* v. *State,* 59 Ark. 165, 26 S. W. 824; *Shattuck* v. *Byford,* 62 Ark. 431, 35 S. W. 1107.

This court said in another case where it was insisted that the judgment must be reversed because there were elements of damages not claimed in the complaint: "This would follow if they had objected to the introduction of evidence as to the added element of damages, and saved their exceptions thereto." *Young* v. *Stevenson,* 75 Ark. 181, 86 S. W. 1000.

Our conclusion is that the court erred in permitting appellees to introduce the evidence of waiver and denial of liability without giving appellant an opportunity to prepare to try this new issue.

For the error indicated, the judgment is reversed, and the cause remanded for new trial.