## Paul E. THOMPSON *v.* W. D. VANLANDINGHAM

CA 79-328                                    600 S.W. 2d 923

Court of Appeals of Arkansas
Opinion delivered June 25, 1980
Released for publication July 8, 1980

*Sam Ed Gibson, P.A.,* for appellant.

*William W. Benton,* for appellee.

GEORGE HOWARD, JR., Judge. The sole issue to be determined is whether the judgment of the court, sitting without a jury, awarding appellee $913.77 for damages sustained to his 1969 Opel Kadette as a consequence of a collision involving a vehicle driven by the appellant, is supported by substantial evidence.

It is settled law that an appellate court in testing the sufficiency of the evidence must consider the evidence in the light most favorable to the appellee, and all doubts are to be resolved and inferences drawn in his favor. *Industrial Park Businessmen's Club, Inc. et al* v. *Buck*, 252 Ark. 513, 479 S.W. 2d 842.

The appellee, who was the owner of the Opel Kadette and who is an automotive mechanic engaged in the repair business, testified extensively about the condition of his vehicle before the accident as well as after and concluded that it would cost between $900.00 and $1,000.00 to repair the damages sustained to the automobile and that the cost represented the difference in the value before and after the accident. It is clear that an owner's testimony as to the value of his property is admissible. *Payne* v. *Mosley*, 204 Ark. 510, 162 S.W. 2d 889; *Missouri Pac. R. Co.* v. *Chase*, 180 Ark. 857, 23 S.W. 2d 256; *Missouri Pac. R. Co.* v. *Edwards*, 178 Ark. 732, 14 S.W. 2d 230.

We hold that there is substantial evidence to sustain the holding of the trial court and, accordingly, we affirm.

Affirmed.

NEWBERN, J., concurs.

DAVID NEWBERN, Judge, concurring. Although I agree with the result and the basis for it stated by the majority, I believe the appellant's points for reversal should be addressed.

The appellant contends the trial court erred in admitting into evidence a repair estimate of $913.77 (the amount of the judgment) which the appellee had obtained from Billington Buick, Inc. The appellee contended it was admissible because of Ark. Stat. Ann. § 28-1001, Rule 703 (Repl. 1979). The rule states:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the heaing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

While Rule 703 permits an expert to base his opinion upon "facts or data," it does not permit him to present another ex-

pert's opinion, which is what occurred here. Thus, I agree with the appellant that the trial judge erred in allowing the appellant to submit the Billington estimate with his testimony. However, I find the error was harmless.

The appellant's second point for reversal is that the court erred in basing its decision upon the improperly admitted evidence. In his findings, the court referred to the Billington estimate as the "best evidence"of the measure of damages. Regardless of the court's apparent reliance upon the erroneously admitted evidence, I cannot say the lower court's judgment was clearly erroneous or clearly against the preponderance of the evidence, *A. R. Civ. P., 52 (a)*, given the appellant's own testimony to which the majority opinion refers.